UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                           ORDER

ROBERT PINSKY,                  19-CR-375-7 (CS)

                Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Robert Pinksy's motion for reduction of sentence under 18

U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 472), and the

Government's opposition thereto, (ECF No. 474).

      On July 9, 2021, Defendant was sentenced principally to 40 months' imprisonment.

(ECF No. 420.)  That sentence was below the advisory Sentencing Guidelines range of 46-57

months.  He has served a little over six months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing

a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an

extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that his medical conditions – obesity and borderline diabetes – put him at increased risk for a severe case should he be infected with COVID-19; that prison conditions have been harsh during the pandemic; and that his mother is ill.  He contends that these factors amount to an extraordinary and compelling reasons.

Obesity appears on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19.[1]  But Defendant's medical condition does not present an extraordinary and compelling reason.  First, he is incarcerated at FCI Fort Dix, a facility that presently has only three inmate cases, according to the Bureau of Prisons ("BOP").  Second, BOP records reveal that Defendant was offered a COVID-19 vaccination three times and refused on each occasion.  "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."  *United States v. Lohmeier*, No. 12-CR- 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that circumstances are not extraordinary and compelling where defendant refused vaccination); *United States v. Gonzalez Zambrano*, No.

---

[1]Type 1 and Type 2 diabetes also appear on the list, but Defendant does not claim to have such a diagnosis.

18-CR-2002 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate herself against that same disease. Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."). Accordingly, I do not believe extraordinary and compelling circumstances exist based on COVID-19 risk.

Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020). Further, I was aware of COVID-related prison conditions at the time of sentencing, and took them into account in imposing a below-Guidelines sentence.

Nor, sad to say, is Defendant's family situation extraordinary. Being unavailable to assist family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed" a burden on other family members, it is not an extraordinary and compelling circumstance. *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's

incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help.  It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Accordingly, I conclude that the reasons advanced by Defendant do not, individually or collectively, amount to extraordinary and compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors.  They militate against reduction of Defendant's already-below-Guidelines sentence, essentially for the reason set forth by the Government.  Releasing Defendant only six-plus months into his sentence would undermine numerous purposes of sentencing, especially in light of his abysmal criminal history.[2] It would not sufficiently address the seriousness of the offense or the harm done to the community.  It would not be just punishment, would undermine respect for the law, and would introduce unwarranted sentencing disparities, both among Defendant's co-defendants and among similarly situated Defendants nationwide.  It would dilute the deterrent effect of the sentence, and it would not suffice to protect the public from further crimes – unfortunately a likelihood given Defendant's history.  In short, even if there were  extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

---

[2]The instant conviction was Defendant's fifth, and his third federal conviction.  Three of the priors were for essentially the same conduct as the instant case.  He had previously violated his supervised release three times.

4

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 472 and to send a copy of this Order to Robert Pinsky, No. 53949-053, FCI Fort Dix, Federal Correctional Institution P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated:  March 7, 2022
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.